IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 20  AM 10: 43
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

BALDEMAR HINOJOZA #1419070,
Plaintiff,

-vs-

Case No. A-14-CA-324-SS

JAMES LaFAVERS, CHARLES SHIPMAN, MARSHA MOBERLY, DENISE WILLIAMS, CHRISTINA PROPES, and BARBRA BURTON,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Baldemar Hinojoza's Complaint [#1]; Hinojoza's Motion for Preliminary Injunction and Temporary Restraining Order [#10]; the Report and Recommendation of the United States Magistrate Judge [#11] (R&R), and Hinojoza's Objections [#16]; Hinojoza's Motion for Leave to Amend Complaint [#17]; Hinojoza's Motion for Stay [#18]; and Hinojoza's Motion to Appoint Counsel [#19]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations and DISMISSING this case.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Hinojoza is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.

28 U.S.C. 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

At the time he filed his § 1983 Complaint, Hinojoza was incarcerated in the Montford Unit of the Texas Department of Criminal Justice-Correctional Institutions Division. Hinojoza represents he was sentenced in 2005 after being convicted of burglary of a habitation. Hinojoza claims he has been reviewed for parole and mandatory supervision multiple times between 2007 and 2014, but has been denied release each time. Hinojoza asserts these denials are based on incorrect information in his parole file.

Hinojoza has sued various members of the Texas Board of Pardons and Paroles. Defendants James LaFavers, Charles Shipman, and Marsha Moberly are apparently the Commissioners or Members of the Parole Board who reviewed Hinojoza for release over the last seven years, denying him release each time. Following Hinojoza's 2010 parole review, Hinojoza alleges he informed Defendant Barbara Burton, the Institutional Parole Officer, that the denial was based on falsified, erroneous, and inaccurate information. Hinojoza alleges he made a similar complaint to Burton following his 2011 review. After his 2012 review, Hinojoza alleges he asked Burton to notify her supervisors of the incorrect information in his parole file. Burton allegedly responded by telling Hinojoza his denials were lawful. Hinojoza alleges he had similar exchanges with Defendant Denise Williams, a Program Supervisor for the Parole Board, and Defendant Christina Propes, Section Director of the Parole Board. Williams allegedly told Hinojoza his denials were lawful, while Propes informed him she would forward his request to the appropriate person.

Based on this conduct, Hinojoza filed suit alleging violations of state tort law as well as constitutional violations under § 1983. Specifically, Hinojoza contends Defendants violated the Due Process Clause by using inaccurate information to deny him release or "failed to intervene" with the Parole Board on his behalf once he informed them of this allegedly inaccurate information. Hinojoza seeks money damages as well as a new parole review conducted without reference to the inaccurate information.

## Analysis

Hinojoza is proceeding *in forma pauperis*. Accordingly, the Magistrate Judge screened his Complaint to determine if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Court may determine Hinojoza's Complaint must be dismissed under § 1915(e) at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court must construe Hinojoza's pro se Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Hinojoza's pro se status, however, does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

As the Magistrate Judge explained in the R&R, Hinojoza cannot sue the individual Defendants in their official capacities for money damages because they are entitled to immunity by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). Similarly, LaFavers, Shipman, and Moberly are absolutely immune from claims against them in their individual capacities for money damages regarding their conduct in making parole decisions. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d

122, 123 (5th Cir. 1995). Hinojoza's claims for money damages against the Defendants in their individual capacities are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because Hinojoza cannot recover for any alleged illegal confinement until he shows his conviction or sentence has been reversed or otherwise held invalid. *See Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994) (extending *Heck* to § 1983 suits). Hinojoza's Fifth Amendment due process claims also fail because he has sued only state actors, not federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

Hinojoza's challenges to his parole denials fail, too. With respect to parole, because Texas prisoners like Hinojoza have "no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). As in *Johnson*, Hinojoza's allegations "that the Board considers unreliable or even false information in making parole determinations" does not assert a constitutional violation and therefore provides no basis for relief under § 1983. *Id.*; *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (challenges to any "specific defective parole hearing" are not cognizable under § 1983, and general due process challenges to Texas parole procedures do not state a claim for a constitutional violation).

Hinojoza's challenges to his denials of mandatory supervision release are slightly more complex, but no more meritorious. Texas's mandatory supervision scheme does create a protected liberty interest. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). But procedural due process has been held to require only that prisoners like Hinojoza be given notice of their hearings, a meaningful opportunity to be heard, and an explanation for why they were denied release. *Geiken*, 28 S.W.3d at 560. The Parole Board

need not give detailed reasons nor cite specific evidence; general statements pointing to the Board's statutory directives are sufficient. *Boss v. Quarterman*, 552 F.3d 425, 428–29 (5th Cir. 2008). In his Objections, Hinojoza explains he "disagree[s] with *Geiken*," and asks the Court to follow a decision interpreting an Oregon statute directing that state's parole board to consider only the likelihood of rehabilitation when considering making convicted murderers eligible for parole. Obj. [#16], at 2 (citing *Janowski/Fleming v. Bd. of Parole*, 245 P.3d 1270, 1274 (Or. 2010) (en banc)). The Oregon Supreme Court's interpretation of Oregon law has no relevance to this case, and this Court is not empowered to overturn *Geiken* or binding Fifth Circuit precedent. Hinojoza's challenges to his mandatory supervision denials do not state a claim under § 1983.

Finally, because Hinojoza has failed to state any federal claim for which relief may be granted, the Court declines to exercise supplemental jurisdiction over any state law claims brought by Hinojoza. 28 U.S.C. § 1367(c)(3).

Since the R&R was issued, Hinojoza has filed several additional motions. First, Hinojoza has sought leave to amend his complaint. In the motion, however, Hinojoza merely offers to withdraw certain claims which the Magistrate Judge recommended be dismissed. He does not allege any new facts or assert any new causes of action. The Court therefore holds amendment would be futile and denies the motion.

Hinojoza also moves the Court to appoint counsel to represent him. "A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982). No exceptional circumstances exist in this case; to the contrary, because Hinojoza has failed to state any claim for which relief can be granted, the appointment of counsel would be

inappropriate. The motion to appoint counsel is denied. Similarly, Hinojoza's request the Court stay this case to give a fellow inmate who assists Hinojoza with legal matters additional time to respond is denied. *See Johnson*, 110 F.3d at 311 (explaining prisoners have "no right to a particular prisoner's help in legal matters," particularly in the context of a civil lawsuit not challenging the filing prisoner's conviction or conditions of confinement).

## Conclusion

The Court agrees with the Magistrate Judge: Hinojoza's claims should be dismissed for the reasons stated in the R&R. The Court further WARNS Hinojoza the continued filing of frivolous lawsuits could result in the impositions of monetary sanctions or filing bars against Hinojoza, the forfeiture of good time credits, or a prohibition from bringing any further actions *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly,

IT IS ORDERED that Plaintiff Baldemar Hinojoza's Objections [#16] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#11] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Baldemar Hinojoza's claims against the Defendants in their official capacities for money damages are DISMISSED WITHOUT PREJUDICE for want of jurisdiction; Hinojoza's claims against Defendants LaFavers, Shipman, and Moberly in their individual capacities for money damages are DISMISSED WITH PREJUDICE on immunity grounds; Hinojoza's claims against Defendants Williams, Propes, and Burton in their individual capacities for money damages are DISMISSED

WITHOUT PREJUDICE to refiling once the conditions of *Heck* are met; Hinojoza's claims against the Defendants in their official capacities for non-monetary relief are DISMISSED WITH PREJUDICE for failure to state a claim; and Hinojoza's state law claims are DISMISSED WITHOUT PREJUDICE for want of jurisdiction;

IT IS FURTHER ORDERED that Plaintiff Baldemar Hinojoza's Motion for Preliminary Injunction and Temporary Restraining Order [#10] is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff Baldemar Hinojoza's for Leave to Amend Complaint [#17] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Baldemar Hinojoza's Motion for Stay [#18] is DENIED;

IT IS FINALLY ORDERED that Plaintiff Baldemar Hinojoza's Motion to Appoint Counsel [#19] is DENIED.

SIGNED this the 20th day of June 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE